USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  October 16, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REUBEN AVENT,

                     Plaintiff,

-against-

P.O. ESTERVEZ; UNKNOWN SENIOR PAROLE OFFICER; UNKNOWN PAROLE DIRECTOR; P.O. ESTEVEZ,

                     Defendants.

20-CV-1197 (ALC)

ORDER OF SERVICE

---

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, currently on post-release supervision pursuant to the 2009 resentencing on his 2001 Rockland County conviction, brings this action *pro se*. By order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Service on Parole Officer and Senior Parole Officer**

Plaintiff's claims against many of the defendants named in the caption were severed from this action (ECF No. 8) and opened under separate docket numbers, *Avent v. Meilunas*, No. 20-CV-0908 (N.D.N.Y.) (claims against Parole Officers Meilunas, Arthur, Coons, Briggs, and John Doe transferred to the Northern District of New York); *Avent v. NYS Div. of Parole*, No. 20-CV-6275 (LLS) (S.D.N.Y.) (challenge to 2009 resentencing characterized as petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 but dismissed without prejudice for Plaintiff's failure to respond). The remaining defendants listed in the caption include Parole Officer Estervez and

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Parole Officer Estevez, but only Parole Officer Estervez is mentioned in the body of the complaint, and thus it appears that Plaintiff intends to refer only to one person. Moreover, according to public records of the New York State Division of Parole (DOP), Plaintiff's parole officer is Parole Officer L. Esteves. The Court therefore directs the Clerk of Court to substitute Parole Officer L. Esteves as a defendant for Defendants Estervez and Estevez.

Plaintiff also sues an "unknown Senior Parole Officer." According to public records of the DOP, the Senior Parole Officer supervising Plaintiff is A. Tucker. The Court therefore directs the Clerk of Court to substitute Senior Parole Officer A. Tucker for "unknown Senior Parole Officer."

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Parole Officer L. Esteves and Senior Parole Officer A. Tucker through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    John or Jane Doe Parole Director**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Attorney General for the State of New York to identify the John or Jane Doe Parole Director at the New York State Division of Parole Manhattan II Area Office, who was allegedly involved in the violations of Plaintiff's rights on January 8, 2019. It is therefore ordered that the Attorney General for the State of New York, who is the attorney for and agent of the New York State Division of Parole, shall ascertain the identity of the John or Jane Doe Parole Director whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General for the State of New York must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days after receiving this information, Plaintiff must file an amended complaint with the true name of the John or Jane Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to

complete once he receives the name of this defendant is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for the named John or Jane Doe defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. An amended complaint form is attached to this order.

The Clerk of Court is further instructed to (1) substitute Parole Officer L. Esteves for Defendants "Parole Officer Estervez" and "Parole Officer Estevez"; (2) substitute Senior Parole Officer A. Tucker for the unknown senior parole officer; (3) complete the USM-285 forms with the addresses for Defendants Parole Officer L. Esteves and Senior Parole Officer A. Tucker, and deliver to the U.S. Marshals Service all documents necessary to effect service; and (4) mail a copy of this order and the complaint to the Attorney General for the State of New York at the following address: Office of the Attorney General  28 Liberty Street New York, NY 10005.

SO ORDERED.

Dated:   October 16, 2020
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Parole Officer L. Esteves
   New York State Division of Parole
   Manhattan II Area Office
   314 West 40th Street
   New York, NY 10018

2. Senior Parole Officer A. Tucker
   New York State Division of Parole
   Manhattan II Area Office
   314 West 40th Street
   New York, NY 10018