USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __December 15, 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Reuben F. Avent,

       **Plaintiff,**

-against-

Parole Officer L. Estevez et al,

       **Defendants.**

**20-CV-1197 (ALC)**

**ORDER OF SERVICE**

**Andrew L. Carter, Jr.**, United States District Judge:

 Plaintiff, currently on post-release supervision pursuant to the 2009 resentencing on his 2001 Rockland County Conviction, brings this action *pro se*. By order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## DISCUSSION

 Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Sunny Koshy through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant. Defendant Sunny Koshy may be served at the New York State Department of Corrections and Community Supervision Manhattan II Area Office, 314 West 40th Street, New York, New York 10018.

Regarding the unknown Senior Parole Officer, the Office of the Attorney General advises the Court that Senior Parole Officer Tucker had no interaction or communication with Plaintiff. The Office of the Attorney General believes that Plaintiff intended to name Vanessa Guerrero, who is a Senior Parole Officer at the Manhattan II Area Office during the alleged period of the complaint. Plaintiff is directed to notify the Court **by January 15, 2021** if he has reason to believe that Vanessa Guerrero is not the defendant whom he intended to sue. If Plaintiff did not intend to sue Vanessa Guerrero, he is directed to provide more detailed, descriptive information for the Senior Parole Office he intends to sue in order to assist the New York State Attorney General in properly identifying this Defendant.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, noting service on the docket. The Court substitutes Defendant Unknown Parole Director for Defendant Sunny Koshy, Bureau Chief of the Manhattan II Area Office.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Defendant Sunny Koshy and deliver all documents necessary to effect service to the U.S. Marshals Service.

**SO ORDERED.**

**Dated:** **December 15, 2020**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**